United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Henry R. Manuel, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action H-22-3105 |
| Williams Brothers Construction Company, Inc. *Defendant*. | § § § § | |

### MEMORANDUM, ORDER, AND RECOMMENDATION

This employment discrimination case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 18. Pending before the court are Defendant Williams Brothers Construction Company, Inc.'s (Williams Brothers) Motion for Summary Judgment, ECF No. 55, and Williams Brothers' Motion to Strike Plaintiff Henry Manuel's Response to Williams Brothers' Motion for Summary Judgment, ECF No. 60. The motion to strike is **GRANTED IN PART**, and the court recommends that the motion for summary judgment be **GRANTED**.

### *1. Background*

Manuel alleges that he was subjected to racial discrimination, retaliation, and wrongful termination. ECF No. 32[1] at 1. Manuel testified that he worked for Williams Brothers from December 2021 until January 22, 2022. Manuel Dep., ECF No. 55-9 at 9; *see also* ECF No. 32 at 2. Manuel, a black

---

[1] The court deemed ECF No. 32 to be Manuel's Amended Complaint. *See* ECF No. 48 at 17, 19 (transcript of motion hearing held August 17, 2023); *but see* ECF No. 45 at 1 (Minute Entry Order following motion hearing stating, due to a typographical error, that ECF No. 38 is Manuel's Amended Complaint).

Case 4:22-cv-03105   Document 63   Filed on 05/01/24 in TXSD   Page 2 of 12

man, worked for Williams Brothers as a laborer. ECF No. 55-9 at 23, 30–31. Manuel testified that, on at least two occasions, he was called a racial epithet—specifically, the N-word—by Eleazar Santiago (Santiago), the company's foreman. *Id.* at 23. Manuel testified that Santiago would criticize his work as incorrect but would not criticize the same work done by others. *Id.* at 24. Santiago would make such criticisms two to three times per day. *Id.* at 19, 25. On January 19, 2022, Santiago issued Manuel a write-up for raising his voice and yelling profanities after receiving job-related instruction. *Id.* at 35; ECF No. 55-5 at 2 (Santiago's "Environmental & Safety Counseling Notice" to Manuel). Manuel disputes that he engaged in that conduct. ECF No. 55-9 at 35. Manuel testified that he complained to his supervisor, Victor Valles (Valles), about "the way [Santiago] was speaking to [him]." *Id.* at 23, 26.

Manuel testified that, on January 22, 2022, the day of his termination, Santiago accused him of stealing the company's chop saw and called him a racial epithet. ECF No. 55-9 at 19, 24, 35. Manuel explained that he used the company's chop saw on the morning of his termination and agreed that the crew member using company equipment is responsible for taking care of the equipment and returning it to its storage area safely. *Id.* at 28. Manuel states that he complied with those responsibilities and placed the chop saw "in the back of the truck in front of a generator." *Id.* He stated that several employees, including Santiago, witnessed him place the chop saw in the back of the truck. *Id.*

The chop saw went missing later that day, and Santiago accused Manuel of stealing it. ECF No. 55-9 at 19, 34. Valles traveled to the job site and asked Manuel where the chop saw was. Valles Decl., ECF No. 55-8 at 3. Manuel stated he did not know

where the chop saw was, and Valles terminated Manuel's employment. *Id.* at 3–4.

Manuel states that he did not steal the chop saw. ECF No. 55-9 at 16, 19. Nonetheless, it is undisputed that the chop saw went missing after Manuel used it, and Manuel testified that he "ha[s] no idea" if it was ever found. *Id.* at 34. Manuel relies on a hearsay conversation with his coworker Anthony Jones to assert that the chop saw did not go missing and was, in fact, in the company office. *Id.* at 16, 34. The record does not include any deposition testimony, declarations, or affidavits from Jones. As will be discussed, Jones' statements to Manuel are inadmissible hearsay.

Marc Anderson, who serves as Williams Brothers' Compliance Officer, confirmed that the chop saw went missing and that Manuel could not find it or provide an explanation for its disappearance. Anderson Decl., ECF No. 55-1 at 3. Anderson testified that Williams Brothers never found the chop saw and had to pay $1,079.99 to replace it. *Id.* Anderson explained that, "[a]s a result of Manuel's failure to protect company property, along with other performance issues, Manuel's employment was terminated." *Id.* The "Notice of Employee Separation" concerning Manuel's termination lists "Destruction of company property – carelessness" as the reason for Manuel's termination and states that Manuel "did not put the chop saw up after use and it was stolen. Very careless with company property." ECF No. 55-6 at 2. Williams Brothers does not claim that Manuel was fired for stealing the chop saw—they allege that he failed to take care of it.

### 2. *Williams Brothers' Motion to Strike*

Williams Brothers has moved to strike Manuel's response to the motion for summary judgment. Williams Brothers argues, among other things, that the response was filed one day late and contains unauthenticated, irrelevant, and cumulative documents.

ECF No. 60 at 2–4. Williams Brothers also lodged numerous evidentiary objections to Manuel's statements, including objections based on relevance, hearsay, personal knowledge, and authentication. *Id.* at 4–7.

Although Manuel's response to Williams Brothers' Motion for Summary Judgment was filed on November 22, 2023, and was one day late, *see* ECF No. 45 at 2 (court order setting Manuel's response deadline as November 21, 2023), the court will not strike Manuel's entire response on that basis. Williams Brothers has articulated no harm or prejudice that would result in the court's consideration of the late response. Moreover, Manuel is proceeding pro se and the court will give him some leeway for that reason.

During an August 17, 2023 hearing, the court addressed certain procedural and evidentiary issues relating to filing and responding to motions for summary judgment. The court issued a written order memorializing those instructions. ECF No. 45 at 2. The court instructed Manuel as follows:

> Plaintiff may respond [to the motion for summary judgment], limited to 20 pages, by November 21, 2023. Plaintiff shall file any objections to the summary judgment evidence by November 21, 2022.[2] Objections not filed by that date are waived. In his response, Plaintiff may make any representations of fact within his personal knowledge without the need for a separate declaration. All factual matters within the knowledge of a third party must be supported by affidavit or declaration, signed under oath or affirmation.

*Id.*

Despite the court's clear instructions, Manuel attempts in his response to assert facts outside his personal knowledge without

---

[2] This is a typographical error. The year should have been 2023. No party has raised this error in their briefing.

4

providing any declaration, affidavit, or deposition testimony in support. Accordingly, the court will not consider any statements in Manuel's response that are outside his personal knowledge and not supported by an affidavit, declaration, or deposition testimony. Specifically, the court strikes and does not consider Manuel's hearsay statement by Jones that the chop saw was not missing and was in the company's office. ECF No. 56 at 7. The court accepts as competent summary judgment evidence Manuel's statements in his Response that are within his personal knowledge. The court also relies on Manuel's deposition testimony and the declarations that have been made part of the summary judgment record. Therefore, the motion to strike is **GRANTED IN PART**.

### 3. *Williams Brothers' Motion for Summary Judgment*
### A. *Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "go beyond the pleadings," using competent summary

judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The court does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim.").

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### B. Summary Judgment Analysis

#### i. Race Discrimination

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff in an employment discrimination case may rely on direct or circumstantial evidence, or both. *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1065 (5th Cir. 2023) (quoting

*Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010)).

Direct evidence of discrimination is a "statement or document which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action." *Id.* (quoting *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020)) (internal quotation marks omitted). Manuel alleges that Santiago, the foreman, used racial epithets toward him. The court considers whether these remarks, while entirely inappropriate, are mere "stray remarks" or constitute "direct evidence" of discrimination.

To determine whether comments in the workplace constitute "direct evidence," or only "stray remarks," the Fifth Circuit considers four factors: whether the comments are (1) related to the plaintiff's protected characteristic; (2) proximate in time to the challenged employment decision; (3) made by an individual with authority over the challenged employment decision; and (4) related to the challenged employment decision. *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 222 (5th Cir. 2001)). "In applying this test, our ultimate focus is on whether the comments prove, 'without inference or presumption, that race was *a* basis in employment decisions' in the plaintiff's workplace." *Id.* (quoting *Jones v. Robinson Prop. Grp,, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005)).

Here, the epithets directed toward Manuel are stray remarks, not direct evidence of discrimination. There is no evidence that Santiago had any role in the decision to terminate Manuel, and there is no evidence that the epithets played any role in Valles's decision to terminate Manuel. There is no evidence that Valles adopted or sanctioned Santiago's racist sentiments. There is not even any evidence that Valles heard the name-calling. While

7

the second epithet was made on the day that the chop saw went missing, there is nothing to demonstrate "without inference or presumption" that race played a role in Valles' decision to fire Manuel.

When a case relies on circumstantial evidence, as here, the the *McDonnell Douglas*[3] burden-shifting framework applies. *Saketkoo v. Adm'rs. of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of discrimination. *Id.* (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)). If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant does so, the burden shifts back to the plaintiff to show that the explanation for the adverse action is mere pretext for discrimination. *Id.*; *see also McDonnell Douglas*, 411 U.S. at 802, 804. "Even an employer's incorrect belief in the underlying facts—or an improper decision based on those facts—can constitute a legitimate, non[]discriminatory reason for termination." *Amezquita v. Beneficial Tex., Inc.*, 264 F. App'x 379, 386 (5th Cir. 2008). The ultimate burden of proof always remains with the plaintiff. *Saketkoo*, 31 F.4th at 999.

The court assumes for the sake of discussion that Manuel can establish a prima facie case of discrimination. Williams Brothers has offered a legitimate, nondiscriminatory reason for Manuel's termination: his performance issues and his carelessness with the chop saw. *See* ECF No. 55-1 at 3; ECF No. 55-6 at 2; ECF No. 55-7 at 2 (purchase order totaling $1,079.99 for replacement chop saw). Therefore, the court analyzes only the ultimate issue:

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

whether Manuel has shown that Williams Brothers' proffered reason for his termination was pretextual.

Manuel argues that Williams Brothers falsely accused him of stealing the chop saw and thus the proffered reason for his termination is mere pretext. *See, e.g.*, ECF No. 55-9 at 16. But he was not fired for *stealing* the chop saw. He was fired, at least in part, for failing to *take care of* the chop saw. Manuel does not present any evidence, either through his own testimony or otherwise, that the chop saw did not end up missing. More importantly, Manuel does not present any evidence that Williams Brothers did not believe the chop saw went missing while in Manuel's custody. Williams Brothers can still present a legitimate, nondiscriminatory reason for terminating Manuel's employment even if Williams Brothers is wrong on the underlying facts or makes an improper decision based on those facts. *Cf. Amezquita*, 264 F. App'x at 386.

Manuel relies on inadmissible hearsay to assert that Williams Brothers knew the chop saw was not missing. Manuel testified that he "spoke with the guy—him stating that . . . the chop saw that was so-say 'to be stolen' was in the office." ECF No. 55-9 at 16. Manuel explained that Jones, his former coworker, "told [him] that the chop saw was located in the office when—when he had went to a meeting that one Monday morning after [Manuel] was fired—a couple of weeks after [Manuel] was fired, that the chop—the chop saw that [Manuel] w[as] using was in the office." *Id.* at 34. As discussed, the court ordered Manuel to provide an affidavit or declaration to support statements by third parties. ECF No. 45 at 2. Manuel did not do so. Jones's statements are inadmissible hearsay.

As for Manuel's personal knowledge of the whereabouts of the chop saw, Manuel stated that he "ha[s] no idea" whether the chop saw was ever found. ECF No. 55-9 at 34. Manuel knows only

9

that he did not steal it. *Id.* Accordingly, Manuel has not shown that Williams Brothers' nondiscriminatory reason for his termination was mere pretext for racial discrimination. Williams Brothers, therefore, is entitled to summary judgment on Manuel's race discrimination claim.

### ii. Retaliation

Title VII prohibits employers from discriminating against employees for opposing any practice forbidden by Title VII or for making a charge, testifying, assisting or participating in a Title VII investigation, proceeding, or hearing. *Saketkoo*, 31 F.4th at 999 (internal quotation marks omitted) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006)). Retaliation claims relying on circumstantial evidence are analyzed under the *McDonnell Douglas* burden-shifting framework. *See id.* at 1000 (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)).

To establish a prima facie case of retaliation, the plaintiff must show: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *Saketkoo*, 31 F.4th at 1000. (quoting *Brown*, 969 F.3d at 577). If the plaintiff establishes a prima facie case, then the employer must provide a legitimate, non-discriminatory reason for the adverse employment action. *Id.* (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020)). If the employer does so, then the plaintiff must show that the proffered reason is pretextual. *Id.*

"An employee establishes pretext by showing that the adverse action would not have occurred but for the employer's retaliatory reason for the action." *Rodriguez v. Brownsville Indep. Sch. Dist.*, 739 F. App'x 227, 231 (5th Cir. 2013) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). To survive summary judgment, the plaintiff's evidence of pretext must show

10

"a conflict in substantial evidence" on the issue of whether the employer would not have taken the adverse action "but for" (i.e., in the absence of) the protected activity. *Brown*, 969 F.3d at 581 (quoting *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019)).

Here, the court again assumes that Manuel could establish a prima facie case and that he engaged in a protected activity by complaining to Valles about how Santiago spoke to him. *See* ECF No. 55-9 at 26. Williams Brothers has offered a legitimate, nondiscriminatory reason for terminating Manuel's employment. The court will consider only the ultimate issue: whether Manuel has shown that his engagement in a protected activity was a but for cause of his termination.

The burden is on Manuel to present evidence that, absent his complaint about Santiago, Williams Brothers would not have terminated his employment. Again, Williams Brothers' proffered reason for terminating Manuel's employment was his carelessness with company property resulting in its theft or disappearance. ECF No. 55-1 at 3; ECF No. 55-6 at 2 (Notice of Employee Separation). Manuel agrees that the chop saw went missing on the morning of his firing and testified that he had no idea whether it was ever found. ECF No. 55-9 at 34. As discussed above in Part 3.B.i., Manuel's reliance on inadmissible hearsay statements suggesting that the chop saw was not missing are insufficient to show pretext. Therefore, even if Manuel had not complained about Santiago, he still would have been fired for his carelessness with the company's chop saw. Manuel has not satisfied his burden to show that Williams Brothers' proffered reason for his termination was pretextual. Williams Brother's motion for summary judgment should be granted.

## *4. Conclusion*

For the foregoing reasons, Williams Brothers' Motion to Strike, ECF No. 60, is **GRANTED IN PART**, and the court recommends that Williams Brothers' Motion for Summary Judgment, ECF No. 55, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 1, 2024.

_____
Peter Bray
United States Magistrate Judge