United States District Court
Southern District of Texas
**ENTERED**
May 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY R MANUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 4:22-CV-03105 |
| | § | |
| WILLIAMS BROTHERS | § | |
| CONSTRUCTION COMPANY INC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the May 1, 2024 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 63). Judge Bray made findings and conclusions and recommended that Williams Brothers' Motion for Summary Judgment, (Dkt. No. 55), be granted. (Dkt. No. 63).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On May 14, 2024, Plaintiff filed an objection to the M&R. (Dkt. No. 64). Although Plaintiff did not state the legal basis for his objection, the Court understands that Plaintiff disagrees with the M&R and Judge Bray's consideration of the evidence. Plaintiff also invites the Court to consider evidence not before it and states that Plaintiff "can have a flash drive produced for the courts as soon as possible" containing information relating to Anthony Jones, one of Plaintiff's potential witnesses in this case. (Dkt. No. 64 at 2). Plaintiff explains that he has "tried to contact Mr. Anthony Jones twice since [Plaintiff's] departure" and that he has "tried to make

contact before the time limits for his written statement, but . . . couldn't contact [Jones]." *Id.* Plaintiff asks the Court to "subpoena Anthony Jones for testimonial statements" and seeks the Court's "permission to try to engage with Mr. Anthony Jones and have him to write up documents of statements and be placed under oath for testimony." *Id.*

While the Court is sympathetic to Plaintiff's difficulties in obtaining evidence, the time to gather evidence and present it to the Court has passed. Plaintiff's own statements in his objection confirm that whatever evidence may be on this unidentified flash drive is not before the Court. Therefore, the Court denies Plaintiff's requests and his objection.

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Bray's M&R (Dkt. No. 63) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Williams Brothers' Motion for Summary Judgment, (Dkt. No. 55), is **GRANTED**; and

(3)     Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on May 16, 2024.

                                                 **DREW B. TIPTON**
                                           **UNITED STATES DISTRICT JUDGE**